Robert R. Prann, demandante y apelante, *v.* Félix Benítez Rexach, El Comisionado del Interior Sr. Guillemo Esteves, La Junta del Puerto de San Juan y La Junta de Subasta del·Departamento del Interior, demandados y apelados.

No. 6015.—*Sometido:* Abril 11, 1932. *Resuelto:* Abril 15, 1932.

*Juan B. Soto,* abogado del apelante; *R. Buscaglia,* abogado del apelado Sr. Rexach.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Una corte de distrito, a moción del demandado Benítez Rexach, ordenó que ciertas alegaciones fuesen eliminadas de la demanda y al mismo tiempo declaró con lugar una excepción previa interpuesta por los otros demandados basada en falta de hechos para determinar una causa de acción en lo que a tales demandados se refería. Luego se dictó sentencia declarando sin lugar la acción en cuanto a los demandados cuya excepción había sido· sostenida.· El demandante solicitó se enmendara esta sentencia en el sentido de que se le permitiera revisar en apelación la orden declarando con lugar la moción para eliminar. Mediante sentencia enmendada, la corte de distrito entonces declaró sin lugar la acción en su totalidad y Benítez Rexach, apelado, solicita ahora la desestimación del recurso interpuesto contra esa sentencia, fundándose en que los demandados cuya excepción fué declarada con lugar, no fueron notificados del escrito de apelación.

El legajo de sentencia transcrito está certificado por el abogado del demandante, por el abogado de Benítez Rexach

y por el "abogado de los demás apelados." Esta transcripción fué certificada mucho después de haber expirado el período estatutorio dentro del cual puede perfeccionarse una apelación notificándose el escrito de apelación a la parte contraria, o a su abogado, y archivándose tal notificación con el secretario de la corte de distrito. Si la actuación del abogado de los apelados respecto de quienes la acción había sido originalmente desestimada, puede interpretarse o no como una comparecencia que equivalga a una renuncia de notificación, es cuestión que no es necesario determinar ahora. La renuncia, si la hubo, surgió demasiado tarde para que pudiera conferir a esta corte jurisdicción para revisar la orden de la corte de distrito sosteniendo la excepción previa y desestimando la acción en lo que se refería a los demandados que habían excepcionado la demanda.

De ello no se desprende, sin embargo, que la apelación deba ser desestimada.

Después de declararse sin lugar la demanda en cuanto a los demandados que la habían excepcionado, ellos no tenían interés en ningún paso o procedimiento ulterior en la controversia entre el demandante y el demandado Benítez Rexach, siempre que, desde luego, dicha sentencia de desestimación no fuera afectada por tal paso o procedimiento ulterior. Benítez Rexach es el único demandado que tiene algún interés en la confirmación o revocación de la orden dictada en respuesta a su moción para eliminar ciertas alegaciones de la demanda. La confirmación o revocación de esa orden o la confirmación o revocación de la sentencia desestimando·la demanda en lo que se refiere—y sólo en lo que se refiere—al demandado Benítez Rexach, no privaría a los otros demandados de ningún beneficio o provecho resultante de la sentencia de desestimación en cuanto a ellos.

Según se indica en el caso de *Bell* v. *San Francisco Savings Union,* 153 Cal. 64, 71:

"Si una sentencia puede ser modificada en cualquier forma favorable al apelante sin menoscabar los intereses de la parte no notifi-

cada, no se desestimará la apelación. En tal caso la corte decidirá, no obstante el haberse dejado de notificar a una de las partes, 'el caso respecto a los intereses de las otras partes, en tanto en cuanto pueda hacerse sin lesionar' los intereses de la parte que no ha sido notificada. (Burnett v. Pierce, 149 Cal. 178, (86 Pac. 603); Williams v. Santa Clara Min. Assoc., 66 Cal. 195, (Pac. 85).''

A fin de que el apelante pueda obtener la revisión de la resolución recaída sobre la moción para eliminar, *debe declararse sin lugar la moción para desestimar el presente recurso.*

El Juez Asociado Señor Wolf no intervino.